IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ESPIRIO MORENO, III, *Individually*, <br> ESMERELDA C. MORENO, *Individually* <br> *and as Representative of the* ESTATE <br> OF ESPIRIO MORENO, IV; and <br> DIANA MORENO, *as Next Friend for* <br> E.M., C.M., J.M., and K.M., <br> Minor Children <br><br> v. <br><br> SAN PATRICIO COUNTY, TEXAS; <br> JOHN DOE NO. 1, *Individually*; <br> JOHN DOE NO. 2, *Individually*; and <br> JOHN DOE NO. 3, *Individually* | CIVIL ACTION NO. _____ <br> JURY |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

**NOW COME** Plaintiffs, Espirio Moreno, III, *Individually*, Esmerelda C. Moreno, *Individually and as Representative of the* Estate of Espirio Moreno, IV, and Annette Rodriguez, *as Next Friend for* E.M., C.M., J.M. and K.M., Minor Children, bringing this their *Plaintiffs' Original Complaint*, praying for damages against San Patricio County, Texas, John Doe No. 1, *Individually*, John Doe No. 2, *Individually*, and John Doe No. 3, *Individually*, who have denied Plaintiffs (and/or the deceased Espirio Moreno, IV) their rights guaranteed by the Constitution and laws of the United States of America.

### I.
### JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(3) (civil rights). Venue is proper in the Southern District of Texas, Corpus Christi Division as this is the district where the claim arose in accordance with 29 U.S.C.§1391(b).

### II.
### PARTIES

2. Plaintiff Espirio Moreno, III, is the father of Espirio Moreno, IV, brings this suit in his own behalf, is a resident of San Patricio County, Texas.

3. Plaintiff Esmerelda Moreno, is the mother of Espirio Moreno, IV, who brings this suit in her own behalf as well as on behalf of the Estate of her son, Espirio Moreno, IV, is a resident of the state of San Patricio County, Texas.

4. Plaintiff Diana Moreno, who brings this suit on behalf of her minor children, E.M., C.M., J.M. and K.M., is a resident of San Patrcio County, Texas.

5. Defendant San Patricio County, Texas (hereinafter "County"), is a political subdivision of the State of Texas and can be served with summons upon County Judge, Terry A. Simpson, 400 West Sinton Street #109, Sinton, Texas 78387.

6. Defendant John Doe No. 1 (hereinafter "Doe No. 1"), was, at all times material to this suit, a deputy employed by the SAN PATRICIO COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the SAN PATRICIO COUNTY SHERIFF'S DEPARTMENT. Defendant may be served with summons at his place of employment, SAN PATRICIO COUNTY SHERIFF'S DEPARTMENT, 300 North Rachal, Sinton, Texas 78387.

7. Defendant John Doe No. 2 (hereinafter "Doe No. 2"), was, at all times material to this suit, a deputy employed by the SAN PATRICIO COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of her employment and authority with the SAN PATRICIO COUNTY SHERIFF'S DEPARTMENT. Defendant may be served with summons at her place of employment, SAN PATRICIO COUNTY SHERIFF'S DEPARTMENT, 300 North Rachal, Sinton, Texas 78387.

8. Defendant John Doe No. 3 (hereinafter "Doe No. 3"), was, at all times material to this suit, a deputy employed by the SAN PATRICIO COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the SAN PATRICIO COUNTY SHERIFF'S DEPARTMENT. Defendant may be served with summons at his place of employment, SAN PATRICIO COUNTY SHERIFF'S DEPARTMENT, 300 North Rachal, Sinton, Texas 78387.

## III.
## FACTS

9. Whenever it is alleged in this complaint that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

10. On or about May 4, 2012, Espirio Moreno, IV's (hereinafter "Mr. Moreno") mother called the police because Mr. Moreno, who he is bipolar, was upset and said he was going to kill himself. Mrs. Moreno had instructed the deputies of the situation and they were supposed to take Mr. Moreno to the hospital for psychiatric help.  Mr. Moreno ran when the police arrived, but was arrested with little incident.

11. Defendants knew Mr. Moreno for many years and it wasn't the first time that the family called. During the arrest, Mr. Moreno stated to the arresting officers that his son was suicidal and wanted to kill himself. Following this arrest, Mr. Moreno was transported to the San Patricio County Jail. Upon entry into the San Patricio County Jail, Mr. Moreno supposedly received mental health screening through the intake process with the San Patricio County Jail. The mental health screening should have revealed that Mr. Moreno was suffering from current suicidal tendencies as well as the arresting officers report which indicated such. Despite same, Defendant County failed to provide Mr. Moreno with proper mental health services and failed to transfer him to an appropriate treatment facility for same. Instead, Mr. Moreno was placed for the next (2) two days in general population of the San Patricio County Jail and he was not placed on a mandatory suicide as dictated by Defendant County's mental health intake screening procedures.

12. On or about May 6, 2012, another inmate entered the shower and found Mr. Moreno, with a sheet wrapped around his neck, he had hung himself. Shortly thereafter EMS arrived and transported Mr. Moreno to North Shore Emergency Room in Portland, Texas. He was placed on a

respirator and stabilized and was air lifted to University Hospital in San Antonio, Texas, where he passed way on May 24, 2012.

13.     The Defendants completely ignored the serious medical and mental health needs of Mr. Moreno during his detention at the San Patricio County Jail. Every step of the way during said detention, the Defendants failed to take appropriate action to prevent Mr. Moreno's senseless death.

14.     As a result of the Defendants' actions and/or inactions, Mr. Moreno sustained catastrophic bodily injury, including, but not limited to, death. Such death was preventable had Defendants County provided proper medical/psychological care to Mr. Moreno and/or had they headed the numerous warning signs of suicide, the continued threat of suicide. Plaintiffs contend that Mr. Moreno was given no and/or inadequate medical/psychological treatment during his detention and/or Doe Defendants acted with deliberate indifference to Mr. Moreno's serious medical needs by not having him transferred to a proper medical/psychological facility where he could be properly supervised and cared for in such a way to prevent his death and not having him kept on a continual suicide watch during his incarceration. Defendants' failure to have Mr. Moreno treated by a off-site mental health provider clearly shows that they subjectively intended that the harm to Mr. Moreno occur and/or they were deliberately indifferent to such an outcome.

15.     Plaintiffs are informed and believe, and thereupon allege that in committing said acts and/or omissions, each Defendant was acting under color of state law. At all pertinent times, Defendant San Patricio County authorized and/or ratified the wrongful and tortious acts and/or omissions described herein. At all pertinent times, Defendant San Patricio County authorized and/or ratified the wrongful and tortious acts and/or omissions described herein. Furthermore, upon information and belief, Plaintiffs contend that each of the aforementioned individual Defendants acted with deliberate indifference to Moreno's serious medical needs. Each individual Defendant subjectively intended that the harm to Mr. Moreno occur. Each individual Defendant was aware that Mr. Moreno was a continual threat to harm himself, and as such Mr. Moreno should be closely monitored to prevent such harm. A number of the individual Defendants are TCLEOSE trained and certified and/or

medically trained, and thus, are aware that suicide is a risk for those incarcerated and under their care. As mentioned, a number of the individual Defendants are medically trained to recognize suicidal notions and tendencies and thus, should have recognized the clear and obvious signs continually exhibited by Mr. Moreno and made sure he received necessary mental health supervision. Each individual Defendant is further aware through the aforementioned training that a failure to properly monitor and observe a suicidal inmate will lead to his eventual death. More specifically, each individual Defendant was aware that Mr. Moreno had informed the arresting officer that he was suicidal and wanted to kill himself. With such knowledge, each of the individual Defendants failed to properly monitor Mr. Moreno during his time in the San Patricio County Jail. As a result of these actions and/or inactions, Mr. Moreno is now dead and each individual Defendants are responsible for same through their subjective intent that the harm to Mr. Moreno occur.

## IV.
## FIRST CLAIM FOR RELIEF - - §1983

16. The allegations contained in paragraphs 9 through 15 are incorporated herein by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

17. The Civil Rights Act of 1871 (formerly known as the Ku Klux Klan Act), now codified as 42 U.S.C. §1983 as federal law provides:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

42 U.S.C. §1983.

18. The state action requirement for standing under 42 U.S.C. §1983 has more commonly been referred to as "color of state law," from the statute itself. Plaintiffs are informed and believe, and thereupon allege that in committing said acts and/or omissions, the Individual Defendants was the agent and employee of Defendant County and he was acting within such agency

and employment and that the Individual Defendants was acting under color of state law. Plaintiffs are informed and believe, and thereupon allege that in committing said acts and/or omissions.

19. 42 U.S.C. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Plaintiffs allege that Defendants, jointly and/or severally deprived Mr. Moreno of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions and/or omissions:

   a) by acting with deliberate indifference to a substantial and known risk of harm to Mr. Moreno;

   b) by failing to intervene, where such intervention would have prevented the death of Mr. Moreno; and

   c) in creating a danger, which otherwise would not have existed, but for the conduct of Defendants, and which made more likely the opportunity of harm to occur to Mr. Moreno.

20. Defendants' actions and/or omissions were not "objectively reasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case illustrates the unreasonableness of Defendants' actions.

21. It is well-established that counties are liable under 42 U.S.C. § 1983 for constitutional torts that are in compliance and/or in accordance with their customs, practices, policies or procedures. A county is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision-making channels.

22. Defendants are liable herein because they sanctioned the custom, practice and/or policy or procedures of, *inter alia*, 1) ignoring the serious medical needs of those entrusted to their care based either on expedience or ignorance to the consequences, 2) failing to discipline those persons whom are found to have ignored the medical needs of such individuals, 3) failing to

adequately supervise and/or observe their inmates/detainees/arrestees, 4) failing to provide adequate man power to supervise and/or observe inmates/detainees/arrestees, 5) failing to provide adequate staff to handle situations stemming from the medical needs of inmates/detainees/arrestees, 6) failing to impose proper and sufficient policies and/or procedures as to the screening of inmates/detainees/arrestees in regard to their medical needs, 7) failing to act in compliance with and failing to enforce the policy (of both the San Patricio County Jail and Texas Jail Standards) requiring visual "checks," and 8) failing to train and/or discipline those employees whom are found to have violated any of the above-noted policies.

23. The actions and/or inactions taken in this case were taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendants. Liability for Defendants is established under §1983 because their "ignore all policies" attitude is a persistent, widespread practice of the county employees -- namely deputies/officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendants had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendants' unspoken policies above is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendants are liable under §1983 for failing to adopt clear policies outlining the criteria for determining, relaying and/or treating the medical (mental and otherwise) needs of inmates/detainees/arrestees.

24. Moreover, Defendants are liable for the inadequate training of their deputies/officers under §1983. Liability attaches to Defendants because their failure to train amounts to deliberate indifference to the rights of the persons with whom they come in contact.

## VII.
## DAMAGES

25. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiffs have been caused to suffer general damages which include, but are not limited to, the

following: loss of a son, both physical and emotional injury, including but not limited to, pain and suffering, and severe emotional and mental distress, and shock, along with severe emotional distress, and loss of support, both emotional and financial.

26. Said injuries have caused Plaintiffs to incur special damages which include but are not limited to: funeral and burial expenses and the loss of companionship and/or consortium, as well as lost support that Mr. Moreno would have provided during the remainder of his life.

27. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees. Hence, Plaintiffs further pray for all costs and attorney fees associated with bringing the present case to trial.

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray that upon trial upon the merits, Plaintiffs recover damages against Defendants, jointly and severally; that this Court issue injunctive relief and/or provide judicial oversight to ensure compliance with Federal law; and that Plaintiffs recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiffs pray for all pre-judgment and post-judgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiffs recover against each Defendant any and all other general or specific relief to which they prove themselves justly entitled.

Respectfully submitted,

GALE, WILSON & SÁNCHEZ, PLLC
115 E. Travis, l9th Floor
San Antonio, Texas 78205
Telephone: (210)222-8899
Telecopier: (210)222-9526
Email: cjgale@gws-law.com

By: /s/ Christopher J. Gale
    Christopher J. Gale
    Southern District No. 27257
    Texas Bar No. 00793766
    *Attorney-In-Charge for Plaintiffs*

## Demand for Jury Trial

Plaintiffs hereby demand trial by jury pursuant to Fed.R.Civ.P. 8(b).